## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHERYL JOHNSON-MORRIS, individually and on behalf of all others similarly situated, *Plaintiff*, v. SANTANDER CONSUMER USA, INC., an Illinois corporation, *Defendant*. | Case No.: 1:16-cv-01456 |

## DEFENDANT SANTANDER CONSUMER USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Henry Pietrkowski
hpietrkowski@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone:+1 312 207 1000
Facsimile: +1 312 207 6400

Marc A. Lackner
mlackner@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
(415) 543 8700

Jarrod D. Shaw
jshaw@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288 3131

*Counsel for Defendant Santander Consumer USA, Inc.*

**TABLE OF CONTENTS**

                                                                                          **Page**

I. INTRODUCTION .............................................................................................................1

II. FACTUAL ALLEGATIONS ............................................................................................2

III. LEGAL STANDARD........................................................................................................3

IV. ARGUMENT.....................................................................................................................4

        A. Plaintiff's FDCPA Claim Is Time-Barred On Its Face. ..........................................4

        B. Plaintiff Cannot Rely On Any Other Pending Cases To Save Her Untimely Claim. ......................................................................................................................4

                1. *Espejo* Did Not Allege Any FDCPA Or Fee-Related Claims, And Therefore Cannot Toll Plaintiff's Claim.......................................................6

                2. *Bonner* Was Filed Too Late, And The *Bonner* FDCPA Claim Does Not Meet The Substantive Standard For Tolling Plaintiff's Claim In Any Event. ................................................................................................6

        C. Plaintiff's FDCPA Claim Also Fails Because Transaction Fees Associated With Voluntary Payment Methods Do Not Violate The FDCPA.............................9

        D. Plaintiff's TCPA Claim Should Be Dismissed, Or Alternatively Rejected In Favor Of A More Definite Statement, Because Plaintiff Fails To Plead The Telephone Number To Which The Alleged Calls Were Made. ......................11

V. CONCLUSION................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Law Office of Keith S. Shindler, Ltd.*,
　　No. 14-C-8389, 2015 WL 3528267 (N.D. Ill. June 4, 2015) ...................................................... 4

*American Pipe & Constr. Co. v. Utah*,
　　414 U.S. 538 (1974) .................................................................................................................. 5, 6

*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009) .................................................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
　　550 U.S. 544 (2007) ............................................................................................................ 3, 4, 11

*Crown, Cork & Seal Co., Inc. v. Parker*,
　　462 U.S. 345 (1983) ..................................................................................................................... 7

*Finwall v. City of Chicago*,
　　No. 04-CV-4663, 2007 WL 2404611 (N.D. Ill. Aug. 16, 2007) ............................................. 5, 7

*Flores v. Collection Consultants of California*,
　　No. 14-0771, 2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) ................................................. 9, 10

*Hallinan v. Fraternal Order of Police of Chicago Lodge 7*,
　　570 F.3d 811 (7th Cir. 2009) ....................................................................................................... 3

*Neitzke v. Williams*,
　　490 U.S. 319 (1989) ..................................................................................................................... 3

*Sellers v. Bragg*,
　　No. 04-C-3663, 2005 WL 1667406 (N.D. Ill. July 13, 2005) ..................................................... 7

*Strand v. Corinthian Colleges, Inc.*,
　　No. 1:13-CV-1235, 2014 WL 1515494 (W.D. Mich. Apr. 17, 2014) ....................................... 11

*Stricklin v. First Nat. Collection Bureau, Inc.*,
　　2012 WL 1076679 (S.D. Ill. Mar. 30, 2012) ............................................................................. 10

*Swanigan v. Argent Mortgage Co.*,
　　No. 10-C-1039, 2010 WL 2773889 (N.D. Ill. July 14, 2010) ................................................. 4, 8

*Wiggins v. Illinois Bell Tel. Co.*,
　　No. 15-C-02769, 2015 WL 6408122 (N.D. Ill. Oct. 22, 2015) ............................................... 7, 8

**Statutes**

15 U.S.C. § 1692f(1) ..................................................................................................9, 10, 11

15 U.S.C. § 1692k(d) .................................................................................................................4

15 U.S.C. § 1693o-2(a)(2) ........................................................................................................9

47 U.S.C. §§ 227, *et seq.* ..........................................................................................................2

47 U.S.C. § 227(b)(1)(A)(iii) ...................................................................................................11

**Rules**

Fed. R. Civ. P. 8(a) ...................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1, 3, 4

Fed. R. Civ. P. 12(e) ...........................................................................................................4, 12

**Other Authorities**

Newburg on Class Actions § 9:56 (5th ed.) ...............................................................................5

I. **INTRODUCTION**

Defendant Santander Consumer USA, Inc. ("Santander") moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims asserted in the putative class action complaint of Plaintiff Cheryl Johnson-Morris because Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint should be seen for what it is—a belated attempt to resurrect a time-barred class claim under the Fair Debt Collection Practices Act ("FDCPA"). To overcome this bar, Plaintiffs have indicated they plan to argue around the untimeliness, cloaking it as somehow tolled by the dissimilar claims in *Espejo v. Santander Consumer USA, Inc.*, Case No. 1:11-cv-08987 ("*Espejo*"), and *Bonner v. Santander Consumer USA, Inc.*, Case No. 1:12-cv-9431 ("*Bonner*"), pending before this Court.[1] But *Espejo* did not allege an FDCPA claim, and aside from happening to also assert a violation of the FDCPA, Plaintiff's FDCPA claim is nothing like that alleged in *Bonner*. In any event, the *Bonner* claim was filed too late—beyond the running of the FDCPA's one-year statute of limitations on Plaintiff's claim—to save Plaintiff's claim, regardless of its substantive dissimilarity.

Plaintiff's FDCPA claim fails as a matter of law on the merits, as well. Plaintiff's FDCPA claim is based on her allegation that she paid transaction fees associated with loan payments she made to Santander online and via telephone. Plaintiff claims the transaction fees were impermissible because they were not authorized by contract or by law, but Plaintiff ignores that the fees do not meet the predicate description in the statutory language of the FDCPA itself: Plaintiff must show that the fees were "incidental to the principal obligation," which she has not done. By any measure, then, Plaintiff's FDCPA claim will fail.

Finally, Plaintiff asserts on an individual basis that Santander also violated the Telephone

---

[1] Santander notes that it has also filed a motion under Local Rule 40.4 to reassign this case to Judge Charles P. Kocoras, who is presiding over *Espejo* and *Bonner*, based on the TCPA claims in each of the cases. The motion for reassignment is currently pending.

Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, based on allegations that Santander called Plaintiff's cellular telephone number without her consent. Plaintiff, however, fails to plead the cellular telephone number to which the calls were allegedly made, thus depriving Santander of fair notice of grounds upon which the TCPA claims rest. The complaint therefore fails to satisfy the pleading standards of *Twombly* and *Iqbal* and should be dismissed, or alternatively, rejected and the Plaintiff ordered to file a more definite statement.

## II.     FACTUAL ALLEGATIONS

On December 18, 2015, Plaintiff brought this suit in the Circuit Court of Cook County,[2] alleging a putative class claim under the FDCPA and individual claims under the TCPA. Compl., Dkt. 1-1. Plaintiff's allegations revolve around her automobile loan to which Santander acquired the servicing rights in March 2010. *Id.* ¶ 22. In connection with Santander's servicing of the loan and attendant collection of payments, Plaintiff alleges she made loan payments to Santander via telephone and online from March 19, 2010 through February 18, 2011. *Id.* ¶¶ 27-28. When Plaintiff allegedly made payments in that manner, Santander processed her payments through a Western Union service for which Santander charged a $5 to $15 "convenience fee." *Id.* Plaintiff claims these fees were not authorized by the agreement creating Plaintiff's loan or by law. ¶¶ 29, 40. Based on these allegations, Plaintiff seeks to certify a putative nationwide FDCPA class defined as:

> All individuals in the United States who: (i) paid a "convenience fee"; (ii) collected in whole or in part by Defendant; (iii) in order to make a payment on a non-commercial vehicle loan; (iv) where the term "convenience fee" was not specifically enumerated in the original agreement creating such debt; and (v) where Defendant's records indicate that the debt had not been current for 30 or more consecutive days at the time Defendant acquired its interest[] in it.

*Id.* ¶ 31; *see also id.* ¶¶ 37-44 (First Cause of Action, "Violations of the FDCPA").

---

[2] Santander subsequently removed the case to this Court. *See* Dkt. 1.

Furthermore, according to Plaintiff, between March 2010 and March 2011, Santander called Plaintiff's cell phone 20 to 30 times in an effort to collect on her defaulted auto loan. *Id.* ¶¶ 24, 26. Plaintiff alleges that she had not provided Santander with her cell phone number or consented to calls on her cell phone, but instead "had her number 'trapped' when she called" to make a payment. *Id.* ¶ 25. Plaintiff alleges Santander used an automatic telephone dialing system to make the calls and further called with prerecorded messages. *Id.* ¶¶ 24, 26. These allegations form the basis for Plaintiff's two individual TCPA claims. *Id.* ¶¶ 45-50 (Second Cause of Action, "Autodialer Violations of the TCPA,"); ¶¶ 51-55 (Third Cause of Action, "Prerecorded Voice Violations of the TCPA"). Plaintiff, however, makes a point of omitting her cellular telephone number (i.e., the number to which the calls were allegedly made) from the complaint, thus denying Santander the ability to confirm or deny her allegations.

### III.  LEGAL STANDARD

Plaintiff's complaint does not withstand examination under the pleading standards established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (*Iqbal*, 556 U.S. at 678), and must offer "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" (*Twombly*, 550 U.S. at 555). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chicago Lodge 7*, 570 F.3d 811, 820 (7th Cir. 2009). Dismissal is warranted where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Moreover, Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing how the pleader is entitled to relief." The purpose of this statement is to "give the defendant fair notice of

- 3 -

what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Plaintiff's FDCPA claim does not clear Rule 12(b)(6)'s plausibility bar because it is both time-barred and fails to state a claim on its face. *See Swanigan v. Argent Mortgage Co.*, No. 10-C-1039, 2010 WL 2773889, at *5 (N.D. Ill. July 14, 2010) (dismissing complaint under Rule 12(b)(6) where claim was time-barred on the face of the pleadings and not revived by *American Pipe* tolling). Plaintiff's individual TCPA claims also fail, or should alternatively be rejected in favor of a more definite statement under Rule 12(e), because they fail to provide Santander with fair notice of the grounds upon which Plaintiff's claims lie.

### IV. ARGUMENT

#### A. Plaintiff's FDCPA Claim Is Time-Barred On Its Face.

To assert a timely claim under the FDCPA, a plaintiff must file her complaint "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Adams v. Law Office of Keith S. Shindler, Ltd.*, No. 14-C-8389, 2015 WL 3528267, at *4 (N.D. Ill. June 4, 2015) (dismissing FDCPA claim where it was plainly time-barred based on the allegations in the complaint). Here, Plaintiff's FDCPA claim stems from alleged transaction fees she paid between March 19, 2010 and February 18, 2011. Compl. ¶ 28. Plaintiff thus had until February 18, 2012, at the latest, to timely bring her FDCPA claim. She did not file this complaint until December 2015—well over 3 years after her time to bring a claim expired—and for that reason her FDCPA claim is time-barred and fails as a matter of law on the face of the complaint. In the ordinary case, the court need go no further and may dismiss the claim.

#### B. Plaintiff Cannot Rely On Any Other Pending Cases To Save Her Untimely Claim.

Recognizing the untimely nature of her claim, Plaintiff has signaled her intent to invoke *American Pipe* tolling based on two earlier-filed class actions, and so Santander provides the

following additional analysis explaining why that effort should fail. Plaintiff alleges via footnote in her complaint that "[a]n existing class action lawsuit involving TCPA and FDCPA claims against Santander, *Espejo v. Santander Consumer USA, Inc.*, No. 1:11-cv-8987 (N.D. Ill. December 19, 2011), has been pending since 2011 and serves to toll Plaintiff's claims." Compl. ¶ 26 n.6.[3] Plaintiff presumably is attempting to use the doctrine of *American Pipe* tolling to salvage her claim. Plaintiff is overreaching.

*American Pipe* provides that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554 (1974). Thus, by *American Pipe*'s language, Plaintiff must show that she is or was a member of an *Espejo/Bonner* FDCPA class to take advantage of tolling for her FDCPA claim. Plaintiff cannot make such a showing for two reasons. First, her FDCPA claim was time-barred before any FDCPA class was alleged in *Espejo/Bonner. Id.*; *see also, e.g.,* Newburg on Class Actions § 9:56 (5th ed.) ("In order for a plaintiff to avail herself of the *American Pipe* doctrine … the plaintiff must possess a claim that was timely when the putative class action suit was filed."). Second, even when an FDCPA class claim was alleged in *Bonner*, it was not similar enough to invoke *American Pipe* tolling. *See Finwall v. City of Chicago*, No. 04-CV-4663, 2007 WL 2404611, at *2 (N.D. Ill. Aug. 16, 2007) (for tolling to apply, the claims of the earlier-filed and the later-filed actions must be "substantially similar"). Therefore, Plaintiff's FDCPA still must fail.

---

[3] Santander notes that the action *Bonner v. Santander Consumer USA, Inc.*, No. 1:12-cv-9431, has been marked as related to *Espejo* and alleges an FDCPA claim, while *Espejo* itself does not include an FDCPA claim. Santander presumes that Plaintiff intends to invoke both actions and therefore discusses both herein.

      **1.**     *Espejo* **Did Not Allege Any FDCPA Or Fee-Related Claims, And Therefore Cannot Toll Plaintiff's Claim.**

Based on Plaintiff's allegations, her one-year limitations period expired on February 18, 2012. While *Espejo* was filed in December 2011, it bears no substantive overlap with Plaintiff's FDCPA claim. *Espejo* Compl., Ex. A.[4] The *Espejo* complaint asserted a single class claim for alleged violations of the TCPA, based on purported calls placed by Santander to plaintiff's cell phone without her consent. *Id.* *Espejo* contained no FDCPA claim and no allegations whatsoever about payment processing or transaction fees. Thus, *Espejo* plainly did not toll Plaintiff's FDCPA claim and cannot be used to revive it. *See American Pipe,* 414 U.S. at 554.

      **2.**     *Bonner* **Was Filed Too Late, And The** *Bonner* **FDCPA Claim Does Not Meet The Substantive Standard For Tolling Plaintiff's Claim In Any Event.**

Like *Espejo*, *Bonner* (a case marked as related to *Espejo*) cannot operate to toll Plaintiff's FDCPA claim. *Bonner* was originally filed as an individual action in the Northern District of Alabama on June 15, 2012. *Bonner* Dkt. 1.[5] Bonner filed an amended complaint alleging class claims on June 26, 2012. *Bonner* Am. Compl., Ex. B. Setting aside that *Bonner* happens to allege an FDCPA claim, which Santander discusses below, *Bonner* was filed too late to help Plaintiff. The *Bonner* class claims were filed nearly four months *after* Plaintiff's FDCPA claim had expired. Consequently, no FDCPA class claim was alleged while Plaintiff's purported claim was still "live" within its one-year statute of limitations, and therefore, the claim remains time-barred.

---

[4] The matter was originally filed by plaintiff Tercia Pereira. On August 8, 2012, Mr. Espejo was substituted in as the named plaintiff in the first amended complaint, which contained the same substantive allegations and claim as the original complaint. *See Espejo* Dkt. 30.

[5] The case was later transferred to the Northern District of Illinois and marked as related to *Espejo*. *See Bonner* Dkts. 33, 36-37.

- 6 -

Even assuming for the sake of argument that *Bonner* had been filed early enough to toll Plaintiff's FDCPA claim (which it was not), the FDCPA claim in *Bonner* still would not preserve Plaintiff's claim. Bonner's first amended complaint asserted putative class claims under the TCPA and FDCPA and for breach of contract based on allegations that, among other things, Santander made loan collection calls to her cellular phone without her consent and collected unspecified fees, "including but not limited to late fees," that were not authorized by contract and were not due. *Bonner* Am. Compl., Ex. B, ¶¶ 31-32, 37-38, 168, 179. Bonner sought to certify a nationwide putative class for her claims. *Id.* ¶ 155; *see also Bonner* Dkt. 29 ¶ 92 (Second Amended Complaint asserting same class definition).[6]

The *Bonner* FDCPA claim is not similar enough to Plaintiff's claim to invoke *American Pipe* tolling. For tolling to apply, the claims of the earlier-filed and the later-filed actions must be "substantially similar." *Finwall*, 2007 WL 2404611, at *2. Said differently, the claims must "share a common factual basis or legal nexus." *Wiggins v. Illinois Bell Tel. Co.*, No. 15-C-02769, 2015 WL 6408122, at *4 (N.D. Ill. Oct. 22, 2015). As a practical matter, courts often interpret this to mean that the suits should raise claims that "'concern the same evidence, memories, and witnesses,'" so as to prevent prejudice to the defendant. *Swanigan*, 2010 WL 2773889, at *3 (quoting *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 355 (1983) (Powell, J., concurring)). "In other words, the emphasis seems to be on the similarity of the claims and the underlying factual predicates between" the two suits. *Sellers v. Bragg*, No. 04-C-3663, 2005 WL 1667406, at *6 (N.D. Ill. July 13, 2005). Because of this, it is not enough for the earlier- and later-filed actions to simply assert violations of the same statute. The factual predicate for the claims must also be sufficiently similar so as to "fairly place[ the defendant] on

---

[6] Plaintiff Bonner was subsequently compelled to arbitrate her claims. *See Bonner* Dkt. 15. The *Bonner* class claims have proceeded under other named plaintiffs. *See id.*

notice" of the claim against it. *Swanigan*, 2010 WL 2773889, at *3-4 (noting that the "mere fact" that earlier and later action both asserted TILA violations did not make the claims the same, and upon examination of the allegations underlying the purported violations, dismissing the later-filed action as time-barred); *see also Wiggins*, 2015 WL 6408122, at *6 (dismissing later-filed case involving legally similar claim where factual underpinnings—allegations of unpaid pre-shift work, as opposed to unpaid lunchtime and end-of-day work—were different from earlier-filed suit).

Here, while both Plaintiff and *Bonner* allege FDCPA claims, the factual underpinnings are not "substantially similar" so as to justify tolling. Plaintiff Johnson-Morris's claim specifically revolves around Santander charging "convenience" fees to process loan payments made online or over the phone. Compl. ¶¶ 40-43. By contrast, *Bonner* made no mention of "convenience" fees, "transaction" fees, "processing" fees, or any other type of fee associated with a loan payment method. Instead, *Bonner*'s claim under the FDCPA was based on allegations that, among other things, Santander collected unspecified fees, "including but not limited to late fees," that were not authorized by contract and were not due. Ex. B, *Bonner* Am. Compl. ¶¶ 37-38, 105, 168, 179; *accord Bonner* Dkt. 29 (Second Am. Compl. making same allegations). Indeed, the recent FDCPA class definition proposed in *Bonner*, which makes no mention of fees at all and instead is defined with reference to Santander making collection calls to class members, makes clear that *Bonner* is factually untethered to Plaintiff's FDCPA claim. *See* Ex. C (served in *Bonner* on November 11, 2015 but not filed with the Court). Thus, in the face of factual allegations that are not the same and cannot be said to have put Santander on fair notice, Plaintiff could not credibly argue that even the late-filed *Bonner* FDCPA claim tolled her

claim. For all of these reasons, Plaintiff's FDCPA claim is time-barred as a matter of law and should be dismissed.

### C. Plaintiff's FDCPA Claim Also Fails Because Transaction Fees Associated With Voluntary Payment Methods Do Not Violate The FDCPA.

Plaintiff's FDCPA claim is based on her allegation that she paid transaction fees associated with loan payments she made to Santander online and via telephone, which were then allegedly split by Santander and its vendor, Western Union. Compl. ¶¶ 27-29. According to Plaintiff, such fees were not authorized by agreement between Santander and Plaintiff or otherwise by law. *Id.* ¶ 27. Equally significant is what Plaintiff does not allege: She does not allege that her payment of the transaction fees was involuntary, nor does she allege that she utilized the only payment means available. That is, she does not claim that there were no other payment options available to her (*e.g.*, mailing a check or money order) that would not have carried with them a transaction fee. Nonetheless, Plaintiff claims the transaction fees she elected to pay violated the FDCPA's prohibition on "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); Compl. ¶ 41.

Under § 1692f(1), particularly when there is no express agreement on fees to be collected with respect to a loan, the threshold question is whether the fees are "incidental to the principal obligation." 15 U.S.C. § 1692f(1).[7] Plaintiff cannot surmount this barrier, and so her claim fails as a matter of law. *Flores v. Collection Consultants of California* is instructive on this point. In

---

[7] Santander also disputes that the transaction fees are not permitted by law but reserves such argument for a more developed factual record. *See, e.g.,* 15 U.S.C. § 1693o-2(a)(2) (The federal Electronic Funds Transfer Act, expressly permitting fees for electronic payment transmission services, stating: "The amount of any interchange transaction fee that an issuer may receive or charge with respect to an electronic debit transaction shall be reasonable and proportional to the cost incurred by the issuer with respect to the transaction.").

*Flores*, the plaintiff sued a debt collector for violation of the FDCPA after the defendant mailed a letter to the plaintiff that offered him the option of paying by credit card for an additional processing fee, or by check for no additional fee. No. 14-0771, 2015 WL 4254032, at * 2 (C.D. Cal. Mar. 20, 2015). Concluding that the transaction fee was not "incidental" to the principal obligation under § 1692f(1), the court observed that the charge was not imposed automatically or added to the underlying debt. *Id.* at *10. Rather, the charge would be imposed only if the plaintiff affirmatively elected to pay via credit card. *Id.* The court augmented its analysis with reference to the policy goals underlying the FDCPA:

> Section 1692f seeks to prevent unfair or unconscionable methods of collecting a debt. . . . Discouraging debt collectors from offering the additional option for a method of payment does not further the purposes of the FDCPA, and it would seem unfair or inconvenient to many debtors to be deprived of the opportunity to pay by credit card as a result of ban on an opt-in fee to cover costs.

*Id.* As a result, the court dismissed plaintiff's FDCPA claim. *See also Stricklin v. First Nat. Collection Bureau, Inc.,* 2012 WL 1076679, at *8 (S.D. Ill. Mar. 30, 2012) (identifying no FDCPA violation where consumer was offered option to pay via credit card with associated $5 transaction fee).

Likewise here, Plaintiff has not demonstrated that the transaction fees are "incidental" to her principal auto loan. She does not allege that the transaction fees were "imposed uniformly as part of the underlying amount owed." *Flores*, 2015 WL 4254032, at *10. Instead, her allegations make clear that any transaction fees were unlinked to the amount of the principal loan. Similarly, she does not claim that the transaction fees were imposed to increase the amount of her loan principal. By Plaintiff's own allegations, the transaction fees simply represent the cost of doing business for the consumer who wishes to utilize the convenience of certain payment methods. Under the reasoning elucidated by *Flores*, such fees are not "incidental to the

principal obligation" and thus do not fall within the FDCPA's scope under § 1692f(1). Therefore, Plaintiff's FDCPA claim cannot survive as a matter of law.

> **D.** **Plaintiff's TCPA Claims Should Be Dismissed, Or Alternatively Rejected In Favor Of A More Definite Statement, Because Plaintiff Fails To Plead The Telephone Number To Which The Alleged Calls Were Made.**

Plaintiff's failure to plead the telephone number related to her claim of unconsented cell phone calls renders her TCPA claims deficient as a matter of law. The TCPA provides that it shall be unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The plain language of the TCPA thus refers to calls placed to a "telephone *number* assigned to a . . . cellular telephone service." *Id.* (emphasis added). Based on this plain language, "a plaintiff must prove that a defendant called a *specific telephone number* and that the telephone number was assigned to a cellular telephone service." *Strand v. Corinthian Colleges, Inc.*, No. 1:13-CV-1235, 2014 WL 1515494, at *3 (W.D. Mich. Apr. 17, 2014) (emphasis added). "Notice pleading, therefore, under *Twombly* and *Iqbal*, necessarily requires that a plaintiff plead the telephone number in question to 'raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). "[W]ithout the telephone number, TCPA defendants are forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff." *Strand*, 2014 WL 1515494, at *3. If the true goal of Section 227(b)(1)(A)(iii) is to prevent individuals from receiving unwanted calls on their cellular telephones, then both fair notice and common sense require plaintiffs to provide, as soon as possible, the cellular telephone number to which the alleged calls were made so that the defendant may stop its calls to someone who no longer wants to be called (assuming the person was called in the first place).

Here, Plaintiff fails to plead the telephone number underlying her TCPA claims, and thus, pursuant to *Iqbal* and *Twombly*, and as recognized in *Strand*, Plaintiff's claims are deficient as a matter of law. Without the full telephone number, Santander, like the defendant in *Strand*, cannot determine whether it made calls to Plaintiff's cellular telephone number, or whether those calls (if any) were made for lawful reasons. Accordingly, Plaintiff's TCPA claims should be dismissed. Alternatively, Plaintiff should be ordered to plead her telephone number in a more definite statement so as to provide Santander with adequate notice of her claims. *See* Fed. R. Civ. P. 12(e).

## V. CONCLUSION

For the foregoing reasons, Santander respectfully requests that this Court dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. In the alternative, if the Court does not dismiss Plaintiff's TCPA claims, Santander respectfully requests that Plaintiff be ordered to provide a more definite statement identifying the telephone number at issue.

DATED: February 4, 2016

Respectfully submitted,

**SANTANDER CONSUMER USA, INC.,**

By: /s/ Henry Pietrkowski
   One of Its Attorneys

Henry Pietrkowski
hpietrkowski@reedsmith.com
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

>
> Marc A. Lackner
> mlackner@reedsmith.com
> REED SMITH LLP
> 101 Second Street, Suite 1800
> San Francisco, CA 94105-3659
> Telephone: +1 415 543 8700
> Facsimile: +1 415 391 8269
>
> Jarrod D. Shaw
> jshaw@reedsmith.com
> REED SMITH LLP
> 225 Fifth Avenue
> Pittsburgh, PA 15222
> Telephone: +1 412 288 3131
> Facsimile: +1 412 288 3063
>
> *Counsel for Defendant*
> *Santander Consumer USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2016, I electronically filed the foregoing **Defendant Santander Consumer USA, Inc.'s Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Complaint** with the Clerk of the Court using the ECF system, which will send electronic notification of such filing to all registered parties.

By:*/s/ Henry Pietrkowski*
Henry Pietrkowski