UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL JOHNSON-MORRIS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SANTANDER CONSUMER USA INC., an Illinois corporation, <br><br> Defendant. | Case No.: 1:16-cv-01456 <br> Judge Charles P. Kocoras <br> Magistrate Judge Sidney I. Schenkier |

**DEFENDANT SANTANDER CONSUMER USA INC.'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Santander Consumer USA Inc. ("Santander") submits this Partial Motion to Dismiss Plaintiff's Amended Complaint, together with the accompanying Memorandum of Law incorporated herein, pursuant to Federal Rules of Civil Procedure 12(b)(6). In support of its Motion, Santander states as follows:

1. Plaintiff asserts a putative nationwide class claim under the Fair Debt Collection Practices Act ("FDCPA") arising out of Santander's alleged conduct with respect to her automobile loan. Specifically, the claim focuses on the purportedly improper "convenience" fees Santander charged when Plaintiff made loan payments via telephone and online.[1]

2. After Santander moved to dismiss the original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff filed an Amended Complaint. Dkt. No. 14.

3. The allegations in the Amended Complaint do not cure the deficiencies in

---

[1] Plaintiff also brings two individual claims under the Telephone Consumer Protection Act ("TCPA") arising out of alleged collection calls Santander made to Plaintiff. However, at this time, Santander does not seek dismissal of Plaintiff's individual TCPA claims.

Plaintiff's FDCPA claim.

4. First, Plaintiff fails to state a cognizable FDCPA claim because, on the face of the Amended Complaint, her claim remains time-barred by the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692k(d).

5. Moreover, akin to the claim set forth in her original Complaint, Plaintiff's amended FDCPA claim cannot be saved by the application of *American Pipe* tolling principles to the actions Plaintiff relies on, *Espejo v. Santander Consumer USA Inc.*, Case No. 1:11-cv-08987 ("*Espejo*"), and *Bonner v. Santander Consumer USA Inc.*, Case No. 1:12-cv-9431 ("*Bonner*"), which are both pending before this Court,[2] and *Haynes v. Santander Consumer USA Inc.*, Case No. 2:11-cv-2586 ("*Haynes*"), a dismissed case in the Northern District of Alabama.

6. *Espejo* did not allege an FDCPA claim and did not involve factual allegations similar to those in Plaintiff's Amended Complaint. Neither *Bonner* nor *Haynes*, on their own, was pending early enough and long enough to successfully toll Plaintiff's FDCPA claim. Even chained together, *Bonner* and *Haynes* cannot save Plaintiff because Plaintiff's FDCPA claim is factually and legally distinct from the claims asserted in *Bonner* and *Haynes*. Therefore, none of these cases can revive Plaintiff's time-barred FDCPA claim. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538 (1974).

7. Plaintiff also cannot invoke the discovery rule to save her FDCPA claim as a matter of law. Even if she could, its application would fail on the theory of the case Plaintiff alleges, which acknowledges she was aware of her claim against Santander at the time the fees were imposed, time-barring her claim years ago.

---

[2] Santander notes that upon its motion and pursuant to Local Rule 40.4, Judge Charles P. Kocoras found this case to be related to the *Espejo* matter which was already pending before him, and therefore ordered that this matter be reassigned to his calendar.

8. Finally, Plaintiff's FDCPA claim fails because the "convenience fees" at issue do not qualify as fees "incidental to the principal obligation" under the FDCPA. 15 U.S.C. § 1692f(1). *See Gabelli v. Sec. & Exch. Comm'n*, 133 S. Ct. 1216, 1222 (2013).

WHEREFORE, Santander respectfully requests that this Court dismiss Plaintiff's First Cause of Action ("Violations of the FDCPA") with prejudice for failure to state a claim upon which relief can be granted.

DATED: April 13, 2016          Respectfully submitted,

**SANTANDER CONSUMER USA INC.**

By: /s/ Tammy L. Adkins
    One of Its Attorneys

Tammy L. Adkins
tadkins@mcguirewoods.com
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
T: (312) 849-8100
F: (312) 849-3690

Marc A. Lackner
mlackner@mcguirewoods.com
MCGUIREWOODS LLP
505 Sansome Street, Suite 700
San Francisco, CA 94111
T: (415) 844-9944
F: (415) 844-9922

Jarrod D. Shaw
jshaw@mcguirewoods.com
MCGUIREWOODS LLP
EQT Plaza
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
T: (412) 667-6000
F: (412) 667-6050

*Counsel for Defendant*
*Santander Consumer USA Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2016, I electronically filed the foregoing **Defendant Santander Consumer USA Inc.'s Partial Motion To Dismiss Plaintiff's Amended Complaint** with the Clerk of the Court using the ECF system, which will send electronic notification of such filing to all registered parties.

By: */s/ Tammy L. Adkins*
Tammy L. Adkins