**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHERYL JOHNSON-MORRIS, individually and on behalf of all others similarly situated, | **Case No. 1:16-cv-01456** |
| *Plaintiff,* | *Related to*: Case No. 1:12-cv-04671 Case No. 1:12-cv-09431 |
| *v.* | Honorable Charles P. Kocoras |
| SANTANDER CONSUMER USA INC., an Illinois corporation, | Honorable Sidney I. Schenkier |
| *Defendant.* | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL**
**MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................1

I.   Johnson-Morris's claim is timely under the *American Pipe* doctrine ...........................3

     i.   *Johnson-Morris's claim was tolled beginning in July 2011* ...................................4

     ii.  *Haynes and Bonner advanced the same legal theory as Johnson-Morris* ..............7

II.  In the alternative, Johnson-Morris's claim is timely under the discovery rule ...........9

III. Santander's "convenience" fees are prohibited by the Act...........................................12

CONCLUSION ............................................................................................15

i

**TABLE OF AUTHORITIES**

**United States Supreme Court Cases:**

*American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ...................................2–3, 8–9

*Chickasaw Nation v. United States*, 534 U.S. 84 (2001) ........................................................12

*Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) .....................................................2, 8

*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) ....................................................................9

*TRW Inc. v. Andrews*, 534 U.S. 19 (2001) ...........................................................................11

**United States Circuit Court of Appeal Cases:**

*Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682 (7th Cir. 2004) ........10

*Cada v. Baxter Healthcare Corp.*, 920 F.3d 446 (7th Cir. 1990) ...................................................10

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983).........................................4

*Halperin v. Halperin*, 750 F.3d 668 (7th Cir. 2014)..............................................................9–10

*In re Copper Antitrust Litig.*, 426 F.3d 782 (7th Cir. 2006) ..............................................3

*Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013) ........................................................11

*Richardson v. Nat'l City Bank of Evansville*, 141 F.3d 1228 (7th Cir. 1998) ..............................12

*Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560 (7th Cir. 2011) ..................3, 9

*Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004)...................................................................13

*Skwira v. United States*, 344 F.3d 64 (1st Cir. 2003)...................................................................11

*United States v. Norwood*, 602 F.3d 830 (7th Cir. 2010) ......................................................9

**United States District Court Cases:**

*Acosta v. Credit Bureau of Napa Cnty.*,
    2015 WL 1943244 (N.D. Ill. Apr. 29, 2015)......................................................10, 13, 15

*Balmes v. Ill. Bell Tel. Co.*, 2016 WL 1019764 (N.D. Ill. Mar. 15, 2016) ....................................3

*Beattie v. D.M Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991) .............................................12

*Bonner v. Santander Consumer USA Inc.*, No. 12-cv-2183 (N.D. Ala.) .....................................5–6

*Butler v. J.r.S-1, Inc.*, 2016 WL 1298780 (N.D. Ill. Apr. 4, 2016).........................................10–11

*Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568 (E.D.N.Y. 2015).....................................12–13

*Espejo v. Santander Consumer USA, Inc.*, No. 11 C 8987, (N.D. Ill. Dec. 4, 2012).....................6

*Flores v. Collection Consultants of Cal.*,
    2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) .................................................................14

*G.M. Sign Inc. v. Stealth Security Sys., Inc.*, 2015 WL 9268416 (N.D. Ill. Dec. 21, 2015) ...........3

*Gomez v. St. Vincent Health, Inc.*, 622 F. Supp. 2d 710 (S.D. Ind. 2008)......................................9

*Greenfield v. Kluever & Platt, LLC*, 2010 WL 604830 (N.D. Ill. Feb. 16, 2010)........................11

*Haynes v. Santander Consumer USA Inc.*, No. 11-cv-2586 (N.D. Ala.)....................................4–5

*Hunt v. Check Recovery Servs., Inc.*, 478 F. Supp. 2d 1157 (N.D. Cal. 2007).............................13

*Knauf Insul., GmbH v. S. Brands, Inc.*, 2015 WL 5334311 (S.D. Ind. Dec. 14, 2015),
    *aff'd* No. 15-3157, slip op. (7th Cir. May 3, 2016)............................................................3

*Lindblom v. Santander Consumer USA Inc.*, No. 15-cv-990 (E.D. Cal. May 9, 2016)..........12, 15

*Longo v. Law Offices of Gerald E. Moore Assocs., PC*,
    No. 04 C 5759 (N.D. Ill. Feb. 3, 2005) ...........................................................................15

*Pope v. Harvard Bancshares, Inc.*, 240 F.R.D. 383 (N.D. Ill. 2006) .............................................9

*Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434 (E.D.N.Y. 2014) .................................13, 15

*Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008) ........................14

*Shami v. Nat'l Enter. Sys.*, 2010 WL 382 4151 (E.D.N.Y. Sept. 23, 2010) ............................13, 15

*Southwire Co. v. J.P. Morgan Chase & Co.*, 307 F. Supp. 2d 1046 (W.D. Wis. 2004).................3

*Stone v. Wash. Mut. Bank*, 2011 WL 3678838 (N.D. Ill. Aug. 19, 2011) .....................................11

*Stricklin v. First Nat'l Collection Bureau, Inc.*, 2012 WL 1076679 (S.D. Ill. Mar. 30, 2012) .....14

*Swanigan v. Argent Mortg. Co.*, 2010 WL 2773889 (N.D. Ill. July 14, 2010)...............................8

*Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018 (E.D. Mo. 2015).........................................13

*Wittman v. CB1, Inc.*, 2016 WL1411348, at *4 (D. Mont. Apr. 8, 2016) ...............................12, 14

*Wiggins v. Ill. Bell Tel. Co.*, 2015 WL 6408122 (N.D. Ill. Oct. 22, 2015)................................7–8

## **Statutes:**

15 U.S.C. § 1681p..........................................................................................................11

15 U.S.C. § 1692f .................................................................................................1–2, 12, 14–15

15 U.S.C. § 1692g..........................................................................................................13

## **Miscellaneous:**

*Black's Law Dictionary* 346 (3d ed. 2006).............................................................................13

*Garner's Modern Am. Usage* 439 (2d ed. 2003) ......................................................................13

## INTRODUCTION

This case concerns the requirement imposed by the Fair Debt Collection Practices Act ("FDCPA" or "Act") that the collection of any money in the process of servicing a debt must be expressly authorized by the agreement creating the debt or by law. 15 U.S.C. § 1692f(1). Specifically, Plaintiff Cheryl Johnson-Morris alleges that Defendant Santander Consumer USA, Inc. ("Santander") violated the FDCPA by charging her and thousands of other consumers so-called "convenience fees" simply to make their loan payments online or over the phone—fees that were neither authorized by their loan agreements nor applicable law. Indeed, Santander heavily discouraged the use of other payment methods—by, *inter alia*, delaying the posting of such payments to accounts and levying late fees and additional interest—in order to increase the number of convenience fees paid and thereby, its own profits.[1] For her part, Johnson-Morris, alleges that she paid $70 of unlawful fees over the course of 12 months just so that Santander would process her payments in a timely manner, and that she would not incur any unnecessary late fees or unwarranted interest. (*Id.*)

Ultimately, Johnson-Morris determined to file suit against Santander on behalf of herself and a putative class of similarly situated individuals, alleging claims for its violations of the

---

[1] Notably, Santander's practices generate a sizeable volume of customer complaints. They also lead to a significant amount of litigation. Even a cursory review of the dockets of the federal district courts demonstrates that, in the 5 years before Johnson-Morris filed her complaint, Santander was sued at least 45 times (including the suits discussed *infra*) for violating the FDCPA, frequently under 15 U.S.C. § 1692f, just for the methods it uses to service car loans. That tally does not include actions (of which there are many) under the Fair Credit Reporting Act, the Truth in Lending Act, the Equal Credit Opportunity Act, state consumer credit laws, any claims brought against Santander in state court, including small claims court, or claims under the FDCPA involving non-automobile-debt.

1

FDCPA as a result of charging such convenience fees.[2] Santander has now moved to dismiss on two grounds: First, it argues that Johnson-Morris's claims are untimely under § 1692k(d). Second, it contends that the collection of the convenience fees is not prohibited by § 1692f(1). (Dkt. 23.) Both arguments fail and are taken in turn below.

Regarding the limitations defense, § 1692k(d) establishes a one-year statute of limitations. Though Johnson-Morris only paid convenience fees through February 2011, as foreshadowed by the complaint (Dkt. 19, ¶ 30 n.7), Johnson-Morris's claim is governed by the tolling rule announced in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), and is timely under that rule. In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. Here, Johnson-Morris was within the definition of two putative classes that alleged that Santander violated § 1692f. Although the plaintiffs in those cases ultimately determined not to pursue class certification, the existence of those suits tolled the FDCPA's one-year limitations period such that Johnson-Morris's claim is timely. And even if her claims were not tolled under *American Pipe*, they are still timely under the discovery rule.

Santander's statutory-interpretation argument is equally unavailing. Santander argues that its convenience fees are lawfully collected because the Act prohibits only the collection of "incidental" fees, and Santander's "convenience" fees—because they are supposedly unconnected to the outstanding principal amount—are not "incidental." (Dkt. 23, at 12-13.) But

---

[2]    Johnson-Morris also alleges that Santander's debt-collection practices violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, but Santander does not contend that Johnson-Morris's TCPA claim is insufficiently pleaded.

the Act prohibits the collection of "any amount" not specifically provided for by agreement or by law, which its convenience fees were not. 15 U.S.C. § 1692f(1). Accordingly, this argument fails as well.

For these reasons and as described further below, Plaintiff Johnson-Morris respectfully requests that the Court deny Santander's motion in its entirety.

**I.      Johnson-Morris's claim is timely under the *American Pipe* doctrine.**

In *American Pipe*, the Court held that a class-action complaint "satisfie[s] the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs." 414 U.S. at 551. In other words, a claim is tolled for members of a putative class "from the day a class claim is asserted until the day the suit is conclusively not a class action." *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 563 (7th Cir. 2011). "The initial suit tolls the statute of limitations for 'all asserted members *who would have been* parties' to that actions." *G.M. Sign Inc. v. Stealth Security Sys., Inc.*, 2015 WL 9268416, at *2 (N.D. Ill. Dec. 21, 2015) (quoting *American Pipe*, 414 U.S. at 554) (emphasis in *G.M. Sign*); *see Knauf Insul., GmbH v. S. Brands, Inc.*, 2015 WL 5334311, at *9 (S.D. Ind. Dec. 14, 2015), *aff'd* No. 15-3157, slip op. at 5-7 (7th Cir. May 3, 2016) (collecting cases; noting that limitations period was tolled for plaintiffs within previous lawsuit's putative class definition, and began running again when previous class was redefined to exclude plaintiff). The focus is on the legal theory: "*American Pipe* does not apply when the class claim and subsequent . . . claim turn on the same factual allegations but advance different legal theories." *Balmes v. Ill. Bell Tel. Co.*, 2016 WL 1019764, at *5 (N.D. Ill. Mar. 15, 2016) (citing *In re Copper Antitrust Litig.*, 426 F.3d 782, 794 (7th Cir. 2006)); *see Southwire Co. v. J.P. Morgan Chase & Co.*, 307 F. Supp. 2d 1046, 1063 (W.D. Wis. 2004) (rev'd in part on other grounds by *In re Copper Antitrust Litig.*). This

3

sensibly follows from the requirement that the claims of the named plaintiff and the absent class must be "based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

Here, Johnson-Morris last paid an allegedly unlawful fee to Santander on February 18, 2011. (Dkt. 19, ¶ 32.) Thus, as Santander recognizes, under ordinary circumstances she had until February 18, 2012, to bring her claim. (Dkt. 23, at 4.) Johnson-Morris sued in December 2015 but has been an absent member of two putative class actions alleging that Santander collects unlawful fees when servicing car loans. Santander recognizes as much, yet it suggests, incorrectly, that the claims of the previous putative classes are too dissimilar to support tolling. But the previous actions alleged violations of the same statutory prohibition invoked by Johnson-Morris for similar fees collected in the servicing of similar debts. Taken together, these actions tolled Johnson-Morris's claim such that it is timely.

      *i.*     *Johnson-Morris's claim was tolled beginning in July 2011.*

The first action of which Johnson-Morris was a putative class member is *Haynes v. Santander Consumer USA Inc.*, No. 11-cv-2586 (N.D. Ala.) ("*Haynes* action"). The relevant complaint was filed on July 28, 2011. The plaintiffs in the *Haynes* action alleged that Santander violated, among other statutes, § 1692f, the same provision at issue here. No. 11-cv-2586, Dkt. 9, ¶¶ 45, 49. The plaintiffs, like Johnson-Morris here, sought redress for Santander's unlawful collection of unauthorized fees, particularly related to car loans. *Id.* ¶¶ 13, 37, 39. The complaint alleged further that Santander "willfully, knowingly, regularly, and routinely charge[d] and collect[ed] fees not authorized by the contracts," clearly asserting a violation of § 1692f(1). *Id.* ¶ 13. The complaint defined the putative class as "All persons in the United States who are current or former customers of Santander within the previous six years." *Id.* ¶ 42.

The *Haynes* action clearly tolls the statute of limitations for Johnson-Morris and the putative class. The complaint advanced the same legal theory as does Johnson-Morris: Santander collects unauthorized fees in violation of § 1692f(1). And Johnson-Morris plainly comes within the class definition: As her own complaint recounts, she was a customer of Santander's from 2009 to 2011, well within the 6 year time frame established in the *Haynes* action.[3] The absent class in this case also fits with the *Haynes* action's definition: Although the putative class in the instant case is not defined by reference to any time frame, any class member with a timely claim in this case would have to come within the proposed definition in the *Haynes* action. Thus, the putative class in the present case is a subset of the proposed class in *Haynes*. Notwithstanding, the *Haynes* action only tolls the statute for Johnson-Morris and the putative class until August 13, 2012, when the action was dismissed in favor of arbitration. No. 11-cv-2586, Dkt. 51.

No matter, though, because a separate, overlapping class action proceeding was commenced against Santander on June 26, 2012: *Bonner v. Santander Consumer USA Inc.*, No. 12-cv-2183 (N.D. Ala.) ("*Bonner* action"). As in the *Haynes* action and this case, the *Bonner* action sought to hold Santander liable for, among other things, "imposing improper fees never agreed to and not authorized by the contracts they are servicing." No. 12-cv-2183, Dkt. 4, ¶ 17. The named plaintiff again objected to the manner in which Santander collected on her car loans. For instance, the plaintiff alleged Santander "willfully, knowingly, regularly, and routinely charges and collects fees not authorized by the contracts with debtors, including late fees when payments were not late and 'repo fees' unrelated to any expense of repossession." *Id.* ¶ 21; *see also id.* ¶ 52, 67, 82, 97, 112, 129, 151 (all paragraphs allege that "Santander repeatedly

---

[3]     Santander does not suggest that the fact that the class definition proposed in *Haynes* would have included untimely claims has any bearing on Johnson-Morris's ability to invoke the case under *American Pipe*. And in any case, as explained, Johnson-Morris's claim was timely at the time the *Haynes* action was filed.

misrepresented the loan balance and has imposed fees not authorized by the contract."). On this basis, the plaintiffs again brought, among other claims, a claim under § 1692f(1) on behalf of a putative class. *Id.* ¶ 168. That class was defined almost exactly like the class in the *Haynes* action, with one irrelevant addition: "All persons in the United States who are current or former customers of Santander within the previous six years and all other persons to whom Santander made telephone calls for the collection of debts from its customers." *Id.* ¶ 155.

Like the *Haynes* action, the *Bonner* action clearly tolls the limitations period for Johnson-Morris's FDCPA claim and the claims of the putative class. The *Bonner* action's relevant FDCPA claim advances the same theory—Santander collects unauthorized fees—and arises under the same subsection—§ 1692f(1). Moreover, for the same reasons Johnson-Morris was a putative class member in the *Haynes* action, she also was a putative class member in the *Bonner* action. (And again, the putative class here is a subset of the proposed class in *Bonner*.) The *Bonner* action was transferred to the Northern District of Illinois and related with *Espejo v. Santander Consumer USA, Inc.*, No. 11 C 8987, ECF 40 (N.D. Ill. Dec. 4, 2012), and the FDCPA claims there remained live until the named plaintiffs determined not to pursue them further on April 21, 2016. No. 12 C 9431, Dkt. 100 (N.D. Ill. Apr. 21, 2016).

Thus, under *American Pipe*, the statute of limitations on Johnson-Morris's claim, and the claims of the putative class, were tolled between July 28, 2011, when the *Haynes* action was filed, and April 21, 2016, when the named plaintiffs in the *Bonner* action determined not to pursue further their claims under § 1692f(1). Santander concedes, as it must, that the limitations period on Johnson-Morris's claim had not expired when the *Haynes* action was filed, as only 160 days had passed from Johnson-Morris's last payment and the filing of the *Haynes* action. (Dkt. 23, at 6.) And the statute of limitations remained tolled until more than four months *after*

Johnson-Morris filed her complaint in the instant case on December 18, 2015, in the Circuit Court of Cook County. (Dkt. 1, Ex. 1.) In fact, even if tolling ceased when counsel in the *Bonner* action informed Santander, on November 11, 2015, that they did not intend to seek certification of a class under the FDCPA (even though that document was not filed with the Court and couldn't have put Johnson-Morris on notice), only 37 days elapsed before Johnson-Morris filed her own action, meaning only 197 days of the one year limitations period had run. Her claim is therefore timely.

ii.     *Haynes and Bonner advanced the same legal theory as Johnson-Morris.*

Santander nonetheless argues that neither of these previous class actions serves to toll Johnson-Morris's claim because the FDCPA violations asserted in those class actions were "nothing like" the allegations here. (Dkt. 23, at 1.)[4] Santander vastly overstates its case: Both the *Bonner* and *Haynes* actions sought relief under § 1692f for the collection of unauthorized fees, just like Johnson-Morris here.

What Santander really means is that the allegations underlying the claims are not identical. But that doesn't matter; what is required is a nexus between a plaintiff's claims and the claims asserted in a prior class action. *See, e.g.*, *Wiggins v. Ill. Bell Tel. Co.*, 2015 WL 6408122, at *4 (N.D. Ill. Oct. 22, 2015). The nexus is easy to find here. All three complaints allege violations of § 1692f for collecting unauthorized fees while servicing consumer debt derived from car loans. Seen another way, had either of the first two class actions gone to judgment on their § 1692f(1) claims, surely Santander would contend that Johnson-Morris's current action is barred by res judicata. Santander is correct that the named plaintiffs in the *Haynes* and *Bonner*

---

[4]     Santander wisely does not contend that Johnson-Morris's ability to invoke *American Pipe* is at all effected by the fact that either her action or the *Bonner* action are class actions. *See Sawyer*, 642 F.3d at 564-65 (holding that *American Pipe* tolling applied to successive class actions brought under the Telephone Consumer Protection Act).

actions were not charged with the exact fees Johnson-Morris identifies in her complaint. But the claims in all cases dealt with unauthorized fees collected on top of loans taken to finance vehicle purchases.

The legal theory in the three cases is also the same, and none of Santander's cases suggests that more similarity is required. *Wiggins*, for example, tolled the limitations period for a particular type of labor-law claim (uncompensated work during meal breaks) but not another (pre-shift work) that was not a part of the first class action. *Id.* at *5-6; *see also Swanigan v. Argent Mortg. Co.*, 2010 WL 2773889, at *4 (N.D. Ill. July 14, 2010) (concluding that *American Pipe* was inapplicable to the Truth-in-Lending-Act claims at issue there because the previous class action relied upon by the plaintiffs had alleged a different type of TILA violation). Johnson-Morris's claim is more like the tolled claim in *Wiggins* inasmuch as it deals with the same type of violation of the same subsection of the same statute as applied to the same category of debt as two previous class actions.

Santander suggests that "substantial similarity" is essential because the two cases must involve "the same evidence, witnesses, or memories." *See Crown, Cork & Seal*, 463 U.S. at 355 (Powell, J., concurring). Yet even on that understanding Johnson-Morris's claim should be tolled. Santander does not so much as suggest that the *Haynes* or *Bonner* actions, as pleaded, would have involved different evidence. In fact, the evidence in all cases appears that it would be exactly the same: (1) copies of the contracts creating the debts collected by Santander, and (2) records of the fees charged by Santander to service the debt. No more is or was needed in any of the three cases. Johnson-Morris's claim, and the claims of the putative class, in other words, are "substantially similar" to the claims advanced in the *Haynes* and *Bonner* actions.

Neither would it make sense to construe *American Pipe*'s rule as narrowly as Santander advocates. Certification under Fed. R. Civ. P. 23 requires only that the named plaintiff's claims be "typical" of the class's. *See Pope v. Harvard Bancshares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006). Typicality does not require factual identity. *Id.* at 389. The *American Pipe* rule allows absent putative class members to rely on a purportedly typical representative to protect their rights, discouraging class members from filing repetitious papers. 414 U.S. at 550-51. The rule would be undermined significantly if absent class members had to assess for themselves not only whether they fit within the definition of a putative class asserting claims similar to their own, but also whether their claims bore a close enough resemblance to the claims of the putative named plaintiff before they could rely on the action to protect their rights. That rule would encourage precisely the kind of protective filings *American Pipe* sought to discourage. *See Sawyer*, 642 F.3d at 562; *Gomez v. St. Vincent Health, Inc.*, 622 F. Supp. 2d 710, 717 (S.D. Ind. 2008) (Hamilton, J.).

Accordingly, the Court should reject Santander's arguments in this regard.

## II.     In the alternative, Johnson-Morris's claim is timely under the discovery rule.

Even if the Court concludes that *American Pipe* tolling does not apply to make Johnson-Morris's claims timely, the Court should conclude that, under the discovery rule, her claim accrued within the limitations period. Under the discovery rule, a claim accrues when a reasonably diligent litigant knows or should know both her injury and its cause. *See Merck & Co. v. Reynolds*, 559 U.S. 633, 645-46 (2010) (noting that a claim accrues when the litigant knows or should know "facts that will form the basis for an action"); *United States v. Norwood*, 602 F.3d 830, 837 (7th Cir. 2010) ("The discovery rule starts the statute of limitations running only when the plaintiff learns that he's been injured, and by whom."); *see also Halperin v. Halperin*, 750

9

F.3d 668, 671 (7th Cir. 2014) (under Illinois law, "the statute of limitations does not begin to run until the wronged person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused."). The "discovery rule" "is read into statutes of limitations in federal-question cases . . . in the absence of a contrary directive from Congress." *Cada v. Baxter Healthcare Corp.*, 920 F.3d 446, 450 (7th Cir. 1990).

Santander disputes that Johnson-Morris's claim comes within the compass of the discovery rule. (Dkt. 23, at 9-10.) But here, although Johnson-Morris was aware that she was paying processing fees, she had no way of discovering that the fees weren't costs that were simply passed on by Santander, but instead were used by Santander to turn a profit. (Dkt. 19, ¶ 34.) A reasonably diligent litigant would not be on notice that the processing fees were unlawful. As discussed *infra*, courts have posited that such fees are not unlawful if they are merely charges that are passed on by the debt collector. *See, e.g.*, *Acosta v. Credit Bureau of Napa Cnty.*, 2015 WL 1943244, at *2 (N.D. Ill. Apr. 29, 2015). Thus, as it relates to the discovery rule, a litigant would not know that they have been injured within the meaning of the FDCPA until they know that the fees aren't passed through. In fact, Santander does not so much as contend that a reasonable person would have been on notice of the need to inquire into the lawfulness of its "convenience" fees. And although Johnson-Morris does not plead the precise day on which she became aware of Santander's practices, she doesn't need to. A plaintiff ordinarily does not need to plead around affirmative defenses, like the statute of limitations. *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). It is enough that Johnson-Morris plausibly alleges that a reasonable person would be unaware of facts signaling that Santander's practices are unlawful. Further detail about this contention is unnecessary at this stage.

Santander's fallback argument is that the "discovery rule" does not apply to FDCPA claims. (Dkt. 23, at 10.) The only authority Santander can muster to support this proposition is dicta from *Butler v. J.r.S-1, Inc.*, 2016 WL 1298780, at \*4 (N.D. Ill. Apr. 4, 2016). The court in *Butler*, explicitly advocating a minority position, expressed doubt that the discovery rule applies to FDCPA claims. But within this district, as *Butler* acknowledges, two courts have reached the exact opposite conclusion. *Greenfield v. Kluever & Platt, LLC*, 2010 WL 604830, at \*2 (N.D. Ill. Feb. 16, 2010); *Stone v. Wash. Mut. Bank*, 2011 WL 3678838, at \*8 (N.D. Ill. Aug. 19, 2011). Other courts have agreed. For example, take the majority position, the Fourth Circuit in *Lembach v. Bierman*, 528 F. App'x 297, 302 (4th Cir. 2013), reasoned that a debt collector "should not be allowed to profit from the statute of limitations when its wrongful acts were concealed." The same reasoning applies here.

Moreover, *Butler* overreads the Supreme Court's decision in *TRW Inc. v. Andrews*, 534 U.S. 19 (2001). In *TRW*, the Court held that the discovery rule did not apply to claims under the Fair Credit Reporting Act. The *Butler* court believed that the Court's reasoning applies equally to FDCPA claims. But the FCRA, unlike the FDCPA, contains an explicit codification of the discovery rule. *See* 15 U.S.C. § 1681p (establishing that a plaintiff may sue within 5 years of the violation *or* 2 years of the discovery of the violation, whichever is earlier). The *TRW* Court noted that to graft the discovery rule onto the FCRA would "in practical effect render that exception entirely superfluous in all but the most unusual circumstances." 534 U.S. at 29. The First Circuit has noted that the FCRA's express discovery-rule exception reduces *TRW*'s persuasive force outside the FCRA context. *See Skwira v. United States*, 344 F.3d 64, 74-75 (1st Cir. 2003) (holding that discovery rule applies to FTCA claims despite *TRW*). Unlike the FCRA, the

FDCPA does not codify the discovery rule. Thus, the default rule—that the statute of limitations incorporates the discovery rule—applies to FDCPA claims.

Santander's argument for dismissal notwithstanding the discovery rule should therefore be rejected.

### III.    Santander's "convenience" fees are prohibited by the Act.

Santander also seeks dismissal on the ground that its decision to collect "convenience" fees does not violate the FDCPA. Santander contends that the collection is lawful because § 1692f(1) bars only the collection of fees that are "incidental to the principal obligation." (Dkt. 23, at 12.) Santander is incorrect that § 1692f(1)'s prohibition is limited to "incidental" fees and, in any event, Santander's argument that its fees aren't "incidental" is unpersuasive.

First, Santander's interpretation of the statute is inconsistent with the Act's language. Section 1692f(1) prohibits the collection of "any amount (*including* any interest, fee, charge, or expense incidental to the principal obligation)." (emphasis added) The use of the word "including" is generally meant to be illustrative. *See, e.g.*, *Chickasaw Nation v. United States*, 534 U.S. 84, 89-91 (2001); *Richardson v. Nat'l City Bank of Evansville*, 141 F.3d 1228, 1231-32 (7th Cir. 1998). Section 1692f(1)'s illustrative parenthetical thus does not cabin the Act's general prohibition on collecting *any* unauthorized amount, as Santander urges. *See Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 582 (E.D.N.Y. 2015) (concluding that fees need not be "incidental" to the principal obligation for their collection to be unlawful under § 1692f(1).) "By its own terms, then, the subsection addresses the abusive practice of collecting an amount greater than that which is owing[,]" "including interest or service charges which were not expressly provided for as a part of the debt either by agreement or force of law." *Beattie v. D.M Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991). A growing line of cases—including

12

against Santander itself—therefore concludes that processing fees of any amount, where, as here, the fee is something more than a pass-through charge, is unlawful under § 1692f(1) unless authorized by the agreement creating the debt or by law. *See Lindblom v. Santander Consumer USA Inc.*, No. 15-cv-990, Dkt. 71, at 7-9 (E.D. Cal. May 9, 2016); *Wittman v. CB1, Inc.*, 2016 WL1411348, at *4 (D. Mont. Apr. 8, 2016) (2.5% payment surcharge); *Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1021 (E.D. Mo. 2015) ($3 convenience fee); *Acosta*, 2015 WL 1943244, at *3-4 ($14.95 credit card processing fee); *Campbell*, 98 F. Supp. 3d at 582 ($5 credit card processing fee); *Shami v. Nat'l Enter. Sys.*, 2010 WL 382 4151, at *3-4 (E.D.N.Y. Sept. 23, 2010) (transaction fee for payment by phone); *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 438-39 (E.D.N.Y. 2014) ($5 processing fee); *Hunt v. Check Recovery Servs., Inc.*, 478 F. Supp. 2d 1157, 1169 (N.D. Cal. 2007) (granting summary judgment to plaintiff under § 1692f(1) for check-processing fees of $25 and $35).

Even if the Act only prohibits the collection of "incidental" fees, there is no reason why a fee must be connected, or added, to the principal amount in order to be "incidental," as Santander argues. (Dkt. 23, at 13.) Although the statute does not define "incidental," Garner's Dictionary of Modern American Usage defines "incidental" as, relevantly, "subordinate to some other thing; peripheral." *Garner's Modern Am. Usage* 439 (2d ed. 2003). Likewise, Black's defines "incidental" as "subordinate to something of greater importance; having a minor role." *Black's Law Dictionary* 346 (3d ed. 2006). Neither definition even hints that an "incidental" fee must bear a direct connection to the amount of the principal debt. To the contrary, Santander's "convenience" fees are the kind of "peripheral" charge Garner's suggests would be "incidental."

The Seventh Circuit's treatment of "incidental" accords with *Garner's* and *Black's*. In *Shula v. Lawent*, the Seventh Circuit concluded that $53.72 in court costs arising from an

abandoned collection proceeding were "incidental" to the principal obligation and thus the defendant's demand for them violated § 1692f(1). 359 F.3d 489, 492-93 (7th Cir. 2004). The $53.72 was not related in any way to the principal amount owed; it was simply the total amount the debt collector had spent on a suit to collect. *See id.* *Shula* shows that a charge can be "incidental" even if it is bears no connection to amount of the underlying debt and is not added to the principal amount, and instead is simply peripheral to the principal amount. For purposes of the FDCPA, there is no material difference between Santander's "convenience" fees and the "incidental" charges at issue in *Shula*. (*Shula* appears to hold that § 1692f(1) only prohibits the collection of incidental fees. The statement is unsupported dicta and it does not appear that the parties contested the issue.)

Santander's assertion that its "convenience" fees are not incidental to the debts it services rests exclusively on *Flores v. Collection Consultants of Cal.*, 2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015). (Santander also cites *Stricklin v. First Nat'l Collection Bureau, Inc.*, 2012 WL 1076679, at *8 (S.D. Ill. Mar. 30, 2012), but that case dealt with the Act's requirement that a debt collector accurately represent the amount of the debt, *see* 15 U.S.C. § 1692g(a). The case is irrelevant to Johnson-Morris's claim. In *Flores*, the district judge concluded that a credit card processing fee was permissible because the debtor was presented with two ways to pay, only one of which caused the debtor to incur an unlawful fee. *Id.* Because the payment method was supposedly "optional," the court concluded it was not "incidental." *Id.*

*Flores* is readily distinguishable: The court noted that the debt collector did not steer the customer to payment by credit card. *Id.* Here, Santander devotes significant effort to persuading debtors to pay using a method that carries a "convenience" fee." (Dkt. 19, ¶¶ 15-20.) For that reason alone *Flores* cannot control here. *See Wittman*, 2015 WL 1411348, at *5.

14

In any event, the *Flores* court's legal analysis is both inscrutable and of little value, particularly in this Circuit. First, the court's construction of what constitutes an "incidental" fee is difficult to square either with *Shula* or with the command to construe the FDCPA liberally in favor of consumers. *See Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008). Second, the *Flores* court thought that the plaintiff had made no showing that the collection of the fee at issue in that case was "unfair or unconscionable." 2015 WL 4254032, at *10. Yet there should have been no need to make that showing, because the statute *deems* the collection of such fees "unfair or unconscionable" as a matter of law. 15 U.S.C. § 1692f; *see Lindblom*, 15-cv-990, Dkt. 71, at 10 (rejecting *Flores*: "the Court need not assess whether Santander's alleged collection of the fee is 'unfair' or 'unconscionable' because Congress already made that determination"); *Quinteros*, 999 F. Supp. 2d at 438. Finally, *Flores* represents the minority view. Most courts take the straightforward view that noncompliance with the Act is not immunized by separate attempts to comply. *See, e.g.*, *Acosta*, 2015 WL 1943244, at *4 ("It is immaterial that the fee was optional and fully disclosed if the fee is impermissible altogether."); *Shami v. Nat'l Enter. Sys.*, 2010 WL 3824151, at *3-4 (E.D.N.Y. Sept. 23, 2010); *Longo v. Law Offices of Gerald E. Moore Assocs., PC*, No. 04 C 5759, Dkt. 29 (N.D. Ill. Feb. 3, 2005). The court should reject *Flores* and adopt the majority view.

## CONCLUSION

For the reasons stated, Plaintiff Johnson-Morris respectfully requests that the Court deny Santander's partial motion to dismiss in its entirety and order it to answer her complaint.

Respectfully submitted,

**CHERYL JOHNSON-MORRIS**, individually and on behalf of all others similarly situated,

Dated: May 10, 2016                    By: /s/ Benjamin H. Richman

Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
329 Bryant Street
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9435

John E. Norris*
jnorris@davisnorris.com
Frank Davis*
fdavis@davisnorris.com
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Tel: 205.930.9900
Fax: 205.930.9989

*Pro hac vice application to be filed.

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 10, 2016, I served the above and foregoing by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Benjamin H. Richman